Marina C. Tsatalis, State Bar No. 178897
Jessica Lonergan (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile:  (212) 999-5899
Email:     mtsatalis@wsgr.com
           jlonergan@wsgr.com

Ulrico S. Rosales, State Bar No. 139809
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100
Email:     rrosales@wsgr.com

*Attorneys for Defendant Dan Wright*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAQUEL VAZQUEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>DATAROBOT, INC., DAN WRIGHT, and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No.: 3:22-cv-07619-LB<br><br>**DEFENDANT DAN WRIGHT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS**<br><br>**Date:**        Thursday, March 2, 2023<br>**Time:**       9:30 a.m. Pacific Time<br>**Courtroom:** San Francisco Courthouse, Courtroom B – 15th Floor<br>**Judge**:       Hon. Laurel Beeler |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................................... 1

II.    ARGUMENT ..................................................................................................................... 1

    A.    Plaintiff Fails to State a Claim for Intentional Misrepresentation (Count 2) .......... 1

    B.    Plaintiff Fails to State a Claim for Misrepresentation by Concealment (Count 3) ................................................................................................................. 6

    C.    Plaintiff Fails to State a Claim for Negligent Misrepresentation (Count 4) .......... 10

    D.    Plaintiff Acknowledges That She Fails to State a Claim for Intentional Infliction of Emotional Distress (Count 9) .............................................................. 10

    E.    The Court Should Deny Plaintiff Leave to Amend ............................................... 10

III.    CONCLUSION ................................................................................................................ 11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
 7 Cal. 4th 503 (1994) .................................................................................................. 6

*Banh v. Am. Honda Motor Co., Inc.*,
 No. 2:19-CV-05984-RGK-AS,
 2019 WL 8683361 (C.D. Cal. Dec. 17, 2019) ............................................................ 4

*Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.*,
 No. C-09-00882 RMW,
 2010 WL 890048 (N.D. Cal. Mar. 8, 2010) ................................................................ 9

*Bell v. Fed. Home Loan Mortg. Corp.*,
 No. 11-CV-2514-MMA (RBB),
 2012 WL 4576584 (S.D. Cal. Oct. 1, 2012) ............................................................... 8

*Bigler-Engler v. Breg, Inc.*,
 7 Cal. App. 5th 276 (2017) ................................................................................ 7, 8, 9

*Cansino v. Bank of Am.*,
 224 Cal. App. 4th 1462 (2014) ................................................................................... 3

*Deteresa v. Am. Broad. Cos.*,
 121 F.3d 460 (9th Cir. 1997) ...................................................................................... 7

*Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*,
 122 F.3d 1211 (9th Cir. 1997) .................................................................................... 6

*Fram v. Memory Enters., LLC*,
 No. CV 17-7172-MWF,
 2018 WL 6016967 (C.D. Cal. June 13, 2018) ............................................................ 4

*Friedman v. Mercedes Benz USA LLC*,
 No. CV 12-7204 GAF,
 2013 WL 8336127 (C.D. Cal. June 12, 2013) ............................................................ 5

*Gentry v. eBay, Inc.*,
 99 Cal. App. 4th 816 (2002) ....................................................................................... 2

*Glen Holly Ent., Inc. v. Tektronix, Inc.*,
 352 F.3d 367 (9th Cir. 2003) ...................................................................................... 3

*Guifu Li v. A Perfect Day Franchise, Inc.*,
 281 F.R.D. 373 (N.D. Cal. 2012) ............................................................................... 8

*Immobiliare, LLC v. Westcor Land Title Ins. Co.*,
 424 F. Supp. 3d 882 (E.D. Cal. 2019) ........................................................................ 8

*In re Splash Tech. Holdings, Inc. Sec. Litig.*,
 160 F. Supp. 2d 1059 (N.D. Cal. 2001) ..................................................................... 2

*Leon v. Hayward Bldg. Dep't*,
   No. 17-cv-02720-LB,
   2018 WL 1142112 (N.D. Cal. Mar. 2, 2018) .......................................................................... 5

*LiMandri v. Judkins*,
   52 Cal. App. 4th 326 (1997) ................................................................................................. 7

*Mooney v. E.I. du Pont de Nemours & Co.*,
   C.A. No.: N17C-01374 AML,
   2017 WL 5713308 (Del. Super. Nov. 28, 2017) ................................................................... 4

*Neu-Vision Sports, Inc. v. Soren/McAdam/Bartells*,
   86 Cal. App. 4th 303 (2000) ............................................................................................. 2, 3

*Nevis v. Wells Fargo Bank*,
   No. C 07-02568 MHP,
   2010 WL 11636091 (N.D. Cal. Jan. 13, 2010) ..................................................................... 8

*Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*,
   205 Cal. App. 3d 1415 (1988) .............................................................................................. 3

*Sandry v. First Franklin Fin. Corp.*,
   No. 1:10CV-01923-OWW-SKO,
   2011 WL 2050333 (E.D. Cal. Apr. 20, 2011) ....................................................................... 2

*Studio 1220, Inc. v. Intralinks, Inc.*,
   No. 21-16066,
   2022 WL 1617114 (9th Cir. May 23, 2022) ......................................................................... 7

*Tabletop Media, LLC v. Citizen Sys. of Am. Corp.*,
   No. CV 16-7140 PSG,
   2017 WL 10591885 (C.D. Cal. Mar. 3, 2017) ................................................................. 2, 3

*Thomas v. U.S. Bank Nat'l Ass'n*,
   No. 14-CV-2705 W (JMA),
   2015 WL 12434361 (S.D. Cal. Nov. 20, 2015) .................................................................... 3

*Vega v. Jones, Day, Reavis & Pogue*,
   121 Cal. App. 4th 282 (2004) ............................................................................................... 2

*Wilkins v. Nat'l Broad. Co.*,
   71 Cal. App. 4th 1066 (1999) ............................................................................................... 9

*Woodard v. Labrada*,
   No. EDCV160189JGBSPX,
   2017 WL 1018307 (C.D. Cal. Mar. 10, 2017) ...................................................................... 6

**STATUTES**

Cal. Civ. Code § 1572 ................................................................................................................ 7, 9

Cal. Civ. Code § 1710 ..................................................................................................................... 7

**RULES**

Fed. R. Civ. P. 9(b) ............................................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 5


**RULES**

Fed. R. Civ. P. 9(b) ............................................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 5

## I. INTRODUCTION

Plaintiff concedes her promissory fraud claim (Count One) entirely and her intentional infliction of emotional distress claim ("IIED") (Count Nine) against Mr. Wright. Plaintiff's remaining fraud claims (Counts Two, Three, and Four) against Mr. Wright fare no better. None of Plaintiff's attempts to counter the arguments set forth in Mr. Wright's Motion to Dismiss establishes that the claims are feasible as a matter of law. Because Plaintiff's remaining claims against Mr. Wright are meritless, the Court should grant Mr. Wright's Motion to Dismiss against him in its entirety with prejudice.

## II. ARGUMENT

In her Opposition to Mr. Wright's Motion to Dismiss, Plaintiff reiterates the arguments in her opposition to DataRobot's Motion to Dismiss attempting to demonstrate that she sufficiently pled facts to satisfy Federal Rules of Civil Procedure 9(b)'s heightened pleading standard and the doctrine of detrimental reliance for each fraud claim. Her arguments are without merit. Rather than burden the Court with nearly duplicate arguments, Mr. Wright adopts and incorporates by reference all of DataRobot's arguments as to why (1) Plaintiff's remaining three fraud claims are insufficiently pled—Plaintiff did not adequately plead "the who, what, when, where, and how" of those claims[1] as required under Rule 9(b) (*See* ECF No. 13 ("DataRobot Br.") at 6:7-8:19; ECF No. 31 ("DataRobot Reply") at 1:14-2:19); and (2) Plaintiff cannot establish detrimental reliance as a matter of law (*See* DataRobot Br. at 8:22-9:22; DataRobot Reply at 2:21-5:9). Mr. Wright replies separately herein with additional arguments as to why Plaintiff has not stated and cannot state a fraud claim against him.

### A. Plaintiff Fails to State a Claim for Intentional Misrepresentation (Count 2)

In her Opposition, Plaintiff raises four arguments as to why Plaintiff's intentional misrepresentation claim (Count Two) should survive Mr. Wright's Motion to Dismiss: (1)

---

[1] Plaintiff acknowledges that she did not properly plead "the who, what, when, where, and how" as required under Rule 9(b) in stating that "the current complaint does not identify the person who repeated Wright's misrepresentations to her and where and when the misrepresentations were made to her." ECF No. 37 at 9:21-23 [hereinafter "Opp'n"].

1  Plaintiff pled actionable misrepresentations; (2) the alleged statements were professional
2  opinions that should be considered as facts; (3) Mr. Wright is liable for his misrepresentations
3  despite not conveying the alleged statements to Plaintiff; and (4) Mr. Wright participated in a
4  conspiracy to misrepresent DataRobot's financial condition to induce recruits to join the
5  Company.  Mr. Wright addresses the failures of each argument in turn.

6  First, Mr. Wright's alleged statement that DataRobot's finances "*looked solid* for an IPO"
7  on its face constituted his *view* as to the value of the Company's finances -- that they *appeared* to
8  him to be sufficiently sound to support an IPO.  Thus, even if Mr. Wright was commenting as to
9  the Company's existing financial condition, he was expressing his opinion as to how the finances
10 "looked" to him and described them imprecisely as "solid".  Such a comment, even assuming it
11 was made, it is not actionable as fraud.

12 As set forth in Mr. Wright's opening brief, "[v]alue is quintessentially a matter of
13 opinion, not a statement of fact," especially when expressed with such a vague term as "solid".
14 *Neu-Vision Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 310 (2000); *see also*
15 *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 835 (2002) (holding that the "vague, highly
16 subjective" phrase "worth its weight in gold" was a nonactionable opinion); *In re Splash Tech.*
17 *Holdings, Inc. Sec. Litig.*, 160 F. Supp. 2d 1059, 1077 (N.D. Cal. 2001) (holding that the words
18 "strong," "robust," "well positioned," "solid," and "improved" are too vague to be actionable);
19 *Sandry v. First Franklin Fin. Corp.*, No. 1:10CV-01923-OWW-SKO, 2011 WL 2050333, at *3
20 (E.D. Cal. Apr. 20, 2011) (the phrase "the best loan possible" was a representation of subjective
21 value, which is a nonactionable opinion); *Tabletop Media, LLC v. Citizen Sys. of Am. Corp.*, No.
22 CV 16-7140 PSG (ASx), 2017 WL 10591885, at *6 (C.D. Cal. Mar. 3, 2017) (statement that "the
23 printer is 'robust' and designed for 'heavy use' was no more than puffery because "[w]hat is
24 'heavy' use to one might not be 'heavy' use to another"); *Vega v. Jones, Day, Reavis & Pogue*,
25 121 Cal. App. 4th 282, 291 (2004) (noting that "a mere statement that the $10 million financing
26 then being negotiated was 'standard' and 'nothing unusual' is not itself an actionable
27 misrepresentation").
28

1  Moreover, the statement as a whole is a prediction or forecast about the viability of a
2  future IPO. Mr. Wright allegedly stated that the finances looked solid "for an IPO"; in other
3  words, that in his view, the Company was positioned financially in order to go public. As a
4  matter of law, such a prediction or speculation as to future events is not actionable as fraud. *See*
5  *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1470 (2014) ("Any future market forecast must
6  be regarded not as fact but as prediction or speculation."); *see also id.* ("As a matter of law,
7  defendants' alleged representations—that plaintiffs' property would continue to appreciate in the
8  future and that plaintiffs could then sell or refinance their home based on this forecasted future
9  appreciation—are not actionable in fraud.").

10  Plaintiff's allegation that Mr. Wright told recruiters "to use the expression 'fast tracking
11  an IPO'" (Compl. ¶ 18(b)) similarly is too imprecise and ambiguous to be actionable as fraud,
12  especially without any context. *See Glen Holly Ent., Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379
13  (9th Cir. 2003) (statements "describing the 'high priority' [defendant] placed on product
14  development . . . [did] not state an actionable fraud or negligent misrepresentation claim"
15  because the "statements were generalized, vague and unspecific assertions"); *Tabletop Media,*
16  *LLC*, 2017 WL 10591885, at *6 (the phrase "as expected" in the statement "the Citizen parts will
17  work as expected" was vague because it "could refer to a number of indicators of performance");
18  *see also Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal. App. 3d 1415, 1422-23
19  (1988) (holding that plaintiff's vaguely worded allegation—"Plaintiff would be paid for work
20  performed and that Plaintiff should continue to perform services"—was that defendant
21  "optimistically assessed the developer's capacity to sustain continued financing," which
22  "constitutes a nonactionable expression of opinion").

23  And, to the extent that the statement meant that the Company was planning to move
24  quickly towards an IPO, it was by definition forward-looking. *See Neu-Visions Sports, Inc.*, 86
25  Cal. App. 4th at 309-10 (noting "[i]t is hornbook law that an actionable misrepresentation must
26  be made about past or existing facts; statements regarding future events are merely deemed
27  opinions"); *Thomas v. U.S. Bank Nat'l Ass'n*, No. 14-CV-2705 W (JMA), 2015 WL 12434361,
28  at *4 (S.D. Cal. Nov. 20, 2015) (holding that defendant's "representation that it would not

proceed with foreclosure activity while [plaintiff's] modification application was under review . . . was a forward looking [nonactionable] statement regarding a potential future event"); *Mooney v. E.I. du Pont de Nemours & Co.*, C.A. No.: N17C-01374 AML, 2017 WL 5713308, at *6 (Del. Super. Nov. 28, 2017) (unpublished) (officer's statements expressing expectations about the company's future financial prospects, which referred to only "vague goals of increased growth and value," were nonactionable forward-looking opinions).

Second, as a matter of law, Plaintiff cannot rely on the "superior knowledge" exception because Mr. Wright is not alleged to have made the representations at issue, such that the state of his knowledge is irrelevant. As Plaintiff concedes, Mr. Wright's alleged misrepresentations were made by third parties. Compl. ¶ 18 ("Wright began instructing recruiters and hiring agents" to provide the false information). The superior knowledge exception permits a plaintiff to state a claim based on a speaker's misrepresentation that the plaintiff believed to be true in light of the *speaker's* superior knowledge of the truth of the matter. Since Mr. Wright is not alleged to have made the representations at issue to Plaintiff directly, and there is no allegation that the recruiter represented to Plaintiff that her comments were being made on behalf of or at the direction of Mr. Wright, the superior knowledge exception does not apply to permit liability against Mr. Wright for his alleged statements of opinion. *Fram v. Memory Enters., LLC*, No. CV 17-7172-MWF (JPRx), 2018 WL 6016967, at *4 (C.D. Cal. June 13, 2018) (granting a motion to dismiss against plaintiff because the opinion of a party that is relayed by such party's representative is not actionable under the "superior knowledge" exception to the general rule that opinions and predictions are not actionable). Because Plaintiff cannot rely on the superior knowledge exception as a matter of law, Plaintiff's misrepresentation claim cannot survive and should be dismissed. *See id*. at *4-5; *see also Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2019 WL 8683361, at *5 (C.D. Cal. Dec. 17, 2019) (dismissing misrepresentation claims as a matter of law because they only "amount[ed] to predictions [of] third parties.").

Third, Plaintiff also has failed to plead facts that would support justifiable reliance, which here, based on the allegations in the Complaint, can only be *indirect* reliance. Specifically, as set forth above, Plaintiff alleges that Mr. Wright instructed DataRobot recruiters and hiring agents to

1  convey the purported misrepresentations.  Compl. ¶ 18(a), (b).  There is no allegation that he

2  made the misrepresentations himself to Plaintiff.  Thus, to establish indirect reliance, Plaintiff

3  must plead that Mr. Wright "intended or had reason to expect that the substance of the

4  communication would be repeated to the plaintiff and would induce the plaintiff's reliance."

5  *Friedman v. Mercedes Benz USA LLC*, No. CV 12-7204 GAF (CWx), 2013 WL 8336127, at *4

6  (C.D. Cal. June 12, 2013) (internal quotation marks & citation omitted).

7        The Complaint alleges that in March 2021, Mr. Wright instructed recruiters and hiring

8  agents to convey certain information about the Company, including that DataRobot's finances

9  "looked solid for an IPO," and "to use the expression fast tracking an IPO."  Compl. ¶ 18(a), (b).

10 As set forth in DataRobot's Motion, which Mr. Wright joined, Plaintiff's allegations fail to

11 identify who Mr. Wright made the alleged misrepresentation to, what the specific contents of the

12 representations were, and where, when, and how Mr. Wright gave the purported instruction.  *See*

13 ECF No. 33 at 5:1-7; DataRobot Br. at 6:7-8:19. In including new facts her Opposition, Plaintiff

14 concedes that she cannot allege that Ms. Bennani-Persechini (the DataRobot employee who

15 recruited Plaintiff) attended the executive team leadership meeting where Mr. Wright allegedly

16 conveyed the misrepresentations.  Opp'n at 10:1-4 (noting that Ms. Bennani-Persechini

17 "invariably received Wright's instruction (whether she attended the meeting or not)").  Because

18 Plaintiff has not connected Ms. Bennani-Persechini to the meeting in which Mr. Wright allegedly

19 conveyed the misrepresentations, Plaintiff has not sufficiently pled that Mr. Wright had reason to

20 suspect that the misrepresentation would be repeated to Plaintiff as required by *Friedman*.

21       Indeed, Plaintiff acknowledges in her Opposition that "the current complaint does not

22 identify the person who repeated Wright's misrepresentations to her and where and when the

23 misrepresentations were made to her."  Opp'n at 9:21-23.  While Plaintiff included new facts in

24 her Opposition that she contends would cure any deficiencies in Count Two on amendment, it is

25 well established that courts may not consider new facts alleged in a plaintiff's opposition to a

26 Rule 12(b)(6) motion.  *See Leon v. Hayward Bldg. Dep't*, No. 17-cv-02720-LB, 2018 WL

27 1142112, at *1 n.7 (N.D. Cal. Mar. 2, 2018) ("[t]he Court cannot consider new facts alleged in

28 opposition papers in deciding a Rule 12(b)(6) motion" (internal quotation marks and citation

DEFENDANT DAN WRIGHT'S REPLY IN SUPPORT OF    -5-
HIS MOTION TO DISMISS
CASE NO.: 3:22-CV-07619-LB

omitted)). Even if the Court considered the new allegations Plaintiff includes in her Opposition, they do not bridge the gap between Mr. Wright's alleged statements and Plaintiff.

Finally, Plaintiff asserts for the first time in her Opposition, without any legal or factual support, that Mr. Wright participated in a conspiracy "to relay false information about DataRobot's current finances and its present action of fast-tracking an IPO." Opp'n at 8: 25-27. Under California law, civil conspiracy "is not an independent tort; it cannot create a duty or abrogate an immunity. It allows tort recovery only against a party who already owes the duty and is not immune from liability based on applicable substantive tort law principles." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994). The Court must dismiss the conspiracy claim when a plaintiff has not adequately pled the underlying tort. *See Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997).

For the reasons stated above, Plaintiff has not adequately pled a claim for intentional misrepresentation. Moreover, Plaintiff has not adequately pled a claim of civil conspiracy, as Plaintiff has not identified who agreed with Mr. Wright to convey alleged misrepresentations to DataRobot recruiters and hiring agents. *See Woodard v. Labrada*, No. EDCV160189JGBSPX, 2017 WL 1018307, at *9 (C.D. Cal. Mar. 10, 2017) ("Courts apply Rule 9(b)'s heightened pleading standard to claims of civil conspiracy where the object of the conspiracy is to commit fraud.").

Because the representations that Plaintiff alleges fail to state a claim for intentional misrepresentation against Mr. Wright as a matter of law, the Court should dismiss Count Two of the Complaint against Mr. Wright with prejudice.

**B.   Plaintiff Fails to State a Claim for Misrepresentation by Concealment (Count 3)**

Mr. Wright adopts in full, and incorporates by reference, all of DataRobot's arguments regarding why the Court should dismiss Plaintiff's misrepresentation by concealment claim (Count Three), including that DataRobot did not owe Plaintiff a duty of disclosure and DataRobot's alleged failure to disclose information that was publicly available is not actionable

1  fraud.  Mr. Wright responds separately to Plaintiff's arguments specific to him individually,

2  including to rebut Plaintiff's contention that he owed her a duty of disclosure.

3        In her Opposition, Plaintiff mounts two arguments to establish that Mr. Wright

4  purportedly owed Plaintiff a duty to disclose: (1) Plaintiff established a transactional relationship

5  with Mr. Wright given that he was an officer of her prospective employer; and (2) Mr. Wright

6  falls within the purview of California Civil Code Section 1572 because the alleged fraud was

7  committed with Mr. Wright's connivance.[2]  Each argument lacks merit.

8        Because Plaintiff agrees that Mr. Wright did not owe Plaintiff a fiduciary duty,[3] in order

9  to survive Mr. Wright's motion to dismiss, Plaintiff must demonstrate "the existence of some

10 other relationship between the plaintiff and defendant in which a duty to disclose can arise."

11 *Deteresa v. Am. Broad. Cos.*, 121 F.3d 460, 467 (9th Cir. 1997) (quoting *LiMandri v. Judkins*, 52

12 Cal. App. 4th 326, 336-37 (1997)).  Those relationships "are created by *transactions* between

13 parties from which a duty to disclose facts material to the transaction arises under certain

14 circumstances."  *Id.* (emphasis added); *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 312

15 (2017) ("[A] duty to disclose arises in this context only where there is already a sufficient

16 relationship or transaction between the parties. . . .  Where . . . a sufficient relationship or

17 transaction does not exist, no duty to disclose arises even when the defendant speaks.").

18       The Ninth Circuit has dismissed claims for fraudulent concealment when a plaintiff fails

19 to establish the requisite transactional relationship.  *See Studio 1220, Inc. v. Intralinks, Inc.*, No.

20 21-16066, 2022 WL 1617114, at *1 (9th Cir. May 23, 2022) (affirming the district court's

21 dismissal of plaintiff's fraudulent concealment claim where plaintiff "did not have any direct

22 agreement or relationship with" defendant); *see also Deteresa*, 121 F.3d at 467 (granting

23 summary judgment for defendants American Broadcasting Companies, Inc. ("ABC") and a

24 producer for ABC on plaintiff's fraud claim because plaintiff "presented no evidence that she

---

[2] Plaintiff does not dispute that her Complaint alleges her fraudulent concealment claim under California Civil Code § 1710, not California Civil Code § 1572.  *See* Compl. at 23.

[3] *See* Opp'n at 10:22-24 ("Vazquez doesn't allege that Wright's duty to disclose was based upon a fiduciary duty.").

1  and [the producer] shared the requisite [transactional] relationship for [the producer] to have a
2  duty to disclose that he was taping her" for an ABC broadcast as there was no contractual
3  agreement between Plaintiff and the producer); *Immobiliare, LLC v. Westcor Land Title Ins. Co.*,
4  424 F. Supp. 3d 882, 889 (E.D. Cal. 2019) (dismissing plaintiff's fraudulent concealment claim
5  when "there are no facts [that] show that [the cross-defendant] had a contractual relationship
6  with [the cross-complainant] or the existence of any other transactional relationship that would
7  give rise to a duty to disclose").

8        Plaintiff's Opposition does not demonstrate the existence of a transactional relationship
9  between her and Mr. Wright that would give rise to a duty to disclose on his part. Any potential
10 pre-employment transaction was between *DataRobot* and Plaintiff, not between *Mr. Wright* and
11 Plaintiff. Even assuming, *arguendo,* that DataRobot was in a pre-employment transaction with
12 Plaintiff, it is not the case that every director, officer, or employee of the Company had a
13 transactional relationship with Plaintiff. See *Guifu Li v. A Perfect Day Franchise, Inc.*, 281
14 F.R.D. 373, 399 (N.D. Cal. 2012) (finding that a company's CFO and director was not the
15 employer of such company's employees under the Fair Labor Standards Act of 1938); *Nevis v.*
16 *Wells Fargo Bank*, No. C 07-02568 MHP, 2010 WL 11636091, at *6 (N.D. Cal. Jan. 13, 2010)
17 ("Officers of an employer . . . are generally not individually liable for the torts committed by the
18 corporation's employees.").

19       Plaintiff argues that she had a sufficient relationship with Mr. Wright because he
20 "directed all recruiters to convey false information about DataRobot's current financial picture
21 and its present fast tracking of an IPO to recruits like Vazquez . . . as prospective hires." Opp'n
22 at 12:3-6. In addition to mischaracterizing the actual allegations in the Complaint, the
23 allegations in the Opposition are not sufficient. See *Bigler-Engler*, 7 Cal. App. 5th at 312 (noting
24 that a transactional relationship "must necessarily arise from direct dealings between *the plaintiff*
25 *and the defendant*" (emphasis added)). Plaintiff has not alleged that Mr. Wright had knowledge
26 of her existence during, or had any involvement in, her recruitment and hiring process. See *Bell*
27 *v. Fed. Home Loan Mortg. Corp.*, No. 11-CV-2514-MMA (RBB), 2012 WL 4576584, at *4-5
28 (S.D. Cal. Oct. 1, 2012) (granting motion to dismiss fraudulent concealment claim with prejudice

1  against Litton Loan Servicing LP, which had acted as Freddie Mac's "agent" in the context of a
2  property purchase, because plaintiffs did not plead "that any Litton employee ever met or
3  interacted with either plaintiff . . . . [or] that anyone from Litton even knew of either plaintiff's
4  existence" and there was "no indication in the [pleading] that there was any relationship
5  whatsoever *of any kind* [such as a transactional relationship] between Litton and Plaintiffs").  In
6  the absence of direct dealing between Mr. Wright and Plaintiff, the fact that Mr. Wright was the
7  then-CEO of DataRobot also is not itself sufficient to establish a transactional relationship with
8  Plaintiff.  *See Bigler-Engler*, 7 Cal. App. 5th at 314 (finding no transactional relationship
9  between defendant and plaintiff because defendant was an intermediary between co-defendant
10 and plaintiff and had no direct dealings with plaintiff).

11         Finally, Plaintiff misinterprets Section 1572—which she does not plead in the
12 Complaint—to argue that her fraud allegations against Mr. Wright fall within the purview of that
13 statute.  Section 1572 applies only to fraud "committed by a party to the contract, or *with his*
14 *connivance*, with intent to deceive another party thereto, or to induce him to enter into the
15 contract."  Cal. Civ. Code § 1572 (emphasis added).  Plaintiff has established no contractual or
16 precontractual relationship between herself and Mr. Wright.  *See Beijing Tong Ren Tang (USA),*
17 *Corp. v. TRT USA Corp.*, No. C-09-00882 RMW, 2010 WL 890048, at *2 (N.D. Cal. Mar. 8,
18 2010) ("To establish fraud under § 1572, the promisor and promise must both be parties to a
19 contract.").  Because Plaintiff did not allege—and cannot allege—that Mr. Wright signed her
20 employment contract or any other contract concerning her employment at DataRobot, the
21 language "with his connivance" does not save Plaintiff's claim because that phrase requires that
22 the individual acting with "connivance" be a party to the contract.  *See id*. at *2 (dismissing a
23 claim of fraud under § 1572 against where the individual counter-defendant was not a party to
24 the contracts alleged in the complaint); *see also Wilkins v. Nat'l Broad. Co.*, 71 Cal. App. 4th
25 1066, 1084 (1999) (dismissing plaintiffs' cause of action under Section 1572 because there was
26 no contract between the parties).

27         Because the Complaint does not allege the existence of any contractual, precontractual, or
28 transactional relationship, Plaintiff has failed to establish that Mr. Wright owed Plaintiff a duty

DEFENDANT DAN WRIGHT'S REPLY IN SUPPORT OF        -9-
HIS MOTION TO DISMISS
CASE NO.: 3:22-CV-07619-LB

of disclosure. As such, and for the reasons in Mr. Wright's initial moving papers, the Court should dismiss Count Three of the Complaint against Mr. Wright with prejudice.

### C. Plaintiff Fails to State a Claim for Negligent Misrepresentation (Count 4)

Mr. Wright adopts in full, and incorporates by reference, all of DataRobot's arguments regarding why the Court should dismiss Plaintiff's negligent misrepresentation claim (Count Four) with prejudice, including that Plaintiff's claim is predicated on the same non-actionable opinions by Mr. Wright as the intentional misrepresentation claim (Count Two). *See* Opp'n at 13:26-14:2. For the reasons set forth therein and above and in Mr. Wright's initial moving papers, the Court should dismiss Count Four of the Complaint against Mr. Wright with prejudice.

### D. Plaintiff Acknowledges That She Fails to State a Claim for Intentional Infliction of Emotional Distress (Count 9)

As Plaintiff asserts that she "cannot amend the [IIED] claim to allege additional conduct by Wright that supports the claim," (Opp'n at 14:10-19), the Court should dismiss Count Nine with prejudice against Mr. Wright.

### E. The Court Should Deny Plaintiff Leave to Amend

Mr. Wright adopts in full, and incorporates by reference, DataRobot's arguments as to why the Court should deny Plaintiff leave to amend her Complaint, including that her oppositions to DataRobot's and Mr. Wright's motions to dismiss establish that she cannot cure the deficiencies in her fraud claims. *See* DataRobot Reply at 11:25-26.

Plaintiff has effectively taken *two* opportunities to amend her Complaint, in that she has used her opposition papers to DataRobot's and Mr. Wright's motions to dismiss to proffer additional facts. As DataRobot has argued in its reply, the additional facts Plaintiff incorporated in her opposition to DataRobot's motion did not cure the Complaint's deficiencies. *See* DataRobot Reply at 1:15-2:19. Then, Plaintiff took a second opportunity to supplement her Complaint in her Opposition to Mr. Wright's motion. Despite having the benefit of DataRobot's reply in support of its motion to dismiss, Plaintiff proffered no additional facts in her Opposition to Mr. Wright's motion. Having treated her opposition papers as two additional bites at the

apple—without citing any authority permitting her to do so—Plaintiff cannot now argue that she needs a *third* opportunity to amend her Complaint. Clearly if she could add facts that might salvage her claims, she would have already done so.

Moreover, allowing Plaintiff to amend her Complaint would inflict undue prejudice on Mr. Wright, whose professional reputation has already suffered because of Plaintiff's baseless, personal allegations of fraud against him. Plaintiff should know what representations were made to her that she believes were false. She should have gotten it right the first time she filed her Complaint, especially given that she chose to name Dan Wright as an individual defendant and accuse him of *fraud*, an allegation devastating to his professional reputation. Mr. Wright respectfully requests that Plaintiff not be given another chance to manufacture misrepresentations in order to evade the strict requirements of the law and force him to defend against concocted claims that are utterly baseless.

## III.   CONCLUSION

For the reasons set forth herein, Mr. Wright respectfully requests that the Court grant his Motion to Dismiss the Complaint against him in its entirety with prejudice.

Respectfully submitted,

Dated: February 10, 2023

By: */s/ Marina C. Tsatalis*
Marina C. Tsatalis, State Bar No. 178897
Jessica Lonergan (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email:    mtsatalis@wsgr.com
          jlonergan@wsgr.com

Ulrico S. Rosales, State Bar No. 139809
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:    rrosales@wsgr.com

*Attorneys for Defendant Dan Wright*